Decision Vacated by Order of March 25, 2004

**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.                                        No. 03-4494

JAMES BROWN, a/k/a 6-9,
           *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, District Judge.
(CR-02-189)

Submitted: November 6, 2003

Decided: November 19, 2003

Before WIDENER, MICHAEL, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Barron M. Helgoe, VICTOR VICTOR & HELGOE, L.L.P., Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Ronald G. Morgan, Assistant United States Attorney, Charleston, West Virginia.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

James Brown pled guilty to one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000), and one count of simple assault on a federal officer, in violation of 18 U.S.C. § 111(a)(1) (2000). He appeals his sentence. Finding no reversible error, we affirm.

On appeal, Brown contends that the district court erred in including in the quantity of drugs attributed to him drugs mentioned in non-immunized, post arrest statements that he made to state law enforcement officers prior to the date of filing of the federal charges of which he was convicted. He argues that *U. S. Sentencing Guidelines Manual* § 1B1.8 (2003) mandates that the drug quantities he disclosed to the state law enforcement officers should have been excluded from his relevant conduct because his disclosures were made pursuant to a plea agreement. We review factual findings made by the district court for clear error, while legal interpretations of the Guidelines are reviewed de novo. *See United States v. Blake*, 81 F.3d 498, 503 (4th Cir. 1996); *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989).

Our review of the record leads us to conclude that the district court did not err in concluding that the drugs disclosed by Brown in his post-arrests statements was properly attributable to Brown. Application of § 1B1.8 requires that two separate steps be satisfied to form a binding agreement. First, a defendant must agree to cooperate by providing information on the unlawful activities of others to the Government. Second, the Government must agree that self-incriminating evidence will not be used against the defendant. *See* U.S.S.G. § 1B1.8. Because the district court did not clearly err in finding that Brown received no promise that the drugs at issue would be excluded from consideration, and because the United States was not bound by the state officers' representations, in any event, we conclude that U.S.S.G. § 1B1.8 is inapplicable to this case. *See United States v. Hall*, 984 F.2d 387, 390 (10th Cir. 1993).

Accordingly, we affirm Brown's conviction and sentence. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*